IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   C. R. BARD, INC.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION            MDL No. 2187

THIS DOCUMENT RELATES TO:

*Arlyce Holland, et al. v. C. R. Bard, Inc., et al.*          Civil Action No. 2:14-cv-10090

## ORDER

Pending before the court is Defendants' Joint Motion to Dismiss and Incorporated Memorandum of Law in Support [ECF No. 8], to which the plaintiffs have not responded. For the reasons stated below, the Motion is **GRANTED**.

**I.    Background**

This case resides in the Bard MDL, one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 60,000 cases currently pending, approximately 8,000 of which are in the Bard MDL. Managing this many cases in multidistrict litigation requires the court to streamline certain litigation procedures, such as ordering mandatory settlement conferences, to improve efficiency for the parties and the court.

On August 29, 2016, I entered Pretrial Order ("PTO") # 219 directing all plaintiffs in the Bard MDL alleging claim(s) against Covidien LP, Sofradim Production SAS, and/or Tissue Science Laboratories Limited (the "Covidien Defendants") to provide the defendants with proof of product identification and relevant medical records on or before September 22, 2016. MDL 2187, PTO # 219 ¶ A [ECF No. 2248]. On that same day, I entered PTO # 220 ordering those same

parties to engage in good faith settlement negotiations on or before October 13, 2016, and notifying all parties that the court would conduct a mandatory settlement conference on October 25, 2016. MDL 2187, PTO # 220 ¶ 1, ¶ 3 [ECF No. 2253]. Pursuant to PTO # 220, I entered PTO # 223 on October 19, 2016, again notifying plaintiffs of the mandatory settlement conference on October 25, 2016 and their obligation to attend. MDL 2187, PTO # 223 [ECF No. 2571]. PTO # 223 explicitly states that "individual plaintiffs whose cases are scheduled for a settlement conference shall appear in person for the settlement conference with counsel" and that "any plaintiff who fails to comply with this PTO may be subject to a substantial sanction, including dismissal with prejudice." *Id.* at 2.

Neither the Hollands nor their counsel engaged in good faith settlement discussions or appeared in person for the mandatory settlement conference on October 25, 2016. To date, the plaintiffs have also failed to provide the defendants with proof of product identification and relevant medical records pursuant to court order. The defendants now move for sanctions against the plaintiffs, specifically requesting dismissal of the plaintiffs' case with prejudice.

**II.     Legal Standard**

Federal Rule of Civil Procedure Rule 16(a)(5) permits the district courts to issue orders regarding pretrial conferences for the purpose of facilitating settlement, and Rule 16(f) provides that sanctions may be imposed against a party who fails to appear at a pretrial conference or fails to obey a pretrial order. Fed. R. Civ. P. 16(a)(5), (f). Rule 37(b)(2) provides a list of sanctions available when a party fails to comply with a court order, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Before levying dismissal or default as a sanction under Rule 37, a court must first consider four factors:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into

>  the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagon of America, Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977), *cert. denied*, 434 U.S. 102 (1978)).

In applying these factors to this case, I must be cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when handling seven MDLs, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and settlement conferences and strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231–32. Pretrial orders—and the parties' compliance with those orders and their deadlines—"are the engine that drives disposition on the merits." *Id.* at 1232. A "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir.

3

2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

## III. Discussion

PTO # 223 required each plaintiff that remained in the Bard MDL with a claim against the Covidien Defendants, despite good faith discussion contemplated in PTO # 220, to attend a mandatory settlement conference on October 25, 2016. PTO #223 explicitly stated: "any plaintiff who fails to comply with this PTO may be subject to a substantial sanction, including dismissal with prejudice." PTO # 223 at 2. Applying the *Wilson* factors to these facts and bearing in mind the unique context of multidistrict litigation, I conclude that dismissal under Rule 37 is justified.

The first factor—bad faith—is difficult to ascertain given that the plaintiffs have not responded to the defendants' Motion. As this court has previously stated, "[a]ll attorneys representing parties to this litigation . . . bear the responsibility to represent their individual client or clients." PTO # 3 ¶ F. This includes awareness of and good faith attempts at compliance with all PTOs and other court orders. Furthermore, the plaintiffs themselves have an obligation to actively pursue their case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("[A] civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit."). PTO # 223 expressly states that failure to attend the mandatory settlement conference could result in sanctions. The plaintiffs nevertheless failed to comply. Although these failures do not appear to be callous, the fact that they were blatant and in full knowledge of the court's orders and discovery deadlines leads me to weigh the first factor against the plaintiffs. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("While not contumacious, perhaps, this is a blatant disregard for the

4

deadlines and procedure imposed by the court, [and t]herefore, we conclude that the [plaintiffs] did not act in good faith.").

The second factor—prejudice caused by noncompliance—also leans toward an order for sanctions. Plaintiffs had two-months notice of the mandatory settlement conference, yet failed to engage with opposing counsel in good faith settlement negotiations or communicate any inability to attend the mandatory settlement conference before the October 13, 2016 meet and confer deadline. *See* PTO # 220 ¶ 2. The defendants, having no indication that the plaintiffs would fail to attend until the day before the scheduled appearance, spent those months trying to reach the plaintiffs unsuccessfully and preparing for settlement negotiations. *See* Defs.' Mot. at 2. Furthermore, because the defendants have had to divert their attention away from timely plaintiffs to attempt to reach the plaintiffs in this action, the delay has unfairly impacted the progress of the remaining plaintiffs in this MDL.

The adverse effect on the management of the MDL as a whole segues to the third factor: the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. Furthermore, I expect to have to evaluate and dispose of numerous motions similar to the one at bar, thereby directing my time and resources to noncompliant plaintiffs at the expense of other plaintiffs in this MDL. This cumbersome pattern goes against the purpose of MDL procedure, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

*Wilson*'s fourth factor directs the court to consider the effectiveness of lesser sanctions. Here, any sanction short of immediate dismissal will be ineffective. The plaintiffs have willfully

disregarded three consecutive PTOs and failed to respond to the defendants' Motion to provide the court with a justifiable reason for the plaintiffs' noncompliance. This course of action is consistent with PTO # 223, which warned plaintiffs of the possibility of dismissal upon failure to comply with my order. PTO # 223 ("[A]ny plaintiff who fails to comply with this PTO may be subject to a substantial sanction, including dismissal with prejudice."). Accordingly, the court opts to dismiss the plaintiffs' case with prejudice.

### IV. Conclusion

It is **ORDERED** that Defendants' Joint Motion to Dismiss [ECF No. 8] is **GRANTED**. It is **ORDERED** that the plaintiffs' case is dismissed with prejudice.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 12, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE